| | |
|---|---|
| **UNITED STATES DISTRICT COURT** | **EASTERN DISTRICT OF TEXAS** |

NAVA SIVA INVESTMENTS LLC,              §
                                                              §
              Plaintiff,                            §
                                                              §
*versus*                                           §          CIVIL ACTION NO. 1:25-CV-550
                                                              §
UP-BUSINESS.TOP, RADHIKA GUPTA,   §
and JOHN DOES 1-20,                         §
                                                              §
              Defendants.                         §

## NOTICE OF IMPENDING DISMISSAL

Plaintiff Nava Siva Investments LLC ("Plaintiff") filed suit against Defendants Up-Business.top, Radhika Gupta, and John Does 1-20 (collectively "Defendants") on November 18, 2025.  More than 90 days have elapsed since Plaintiff filed suit, and there is no indication on the docket sheet that Defendants have been served or that steps are being taken to prosecute this action.  *See* FED. R. CIV. P. 4(m), 41(b).  The case has been idle on the court's docket since then and, to date, the court has not received any information that steps are being taken to prosecute this action.

A district court must dismiss a complaint without prejudice under Rule 4(m) "if a defendant is not served within 90 days after the complaint is filed," unless the plaintiff shows good cause for the failure.  FED. R. CIV. P. 4(m); *Wells v. Dep't of Child. & Fam. Servs.*, No. 24-30436, 2025 WL 1233619, at *1 (5th Cir. Apr. 29, 2025) (holding that under Rule 4(m), the district court was required to dismiss the plaintiff's claims because the plaintiff "provided no proof that he served [the defendant] within 90 days after filing his complaint nor within the extra time the district court

gave him," and the plaintiff did not "show good cause for his failure"); *Crosswell v. Martinez*, 120 F.4th 177, 190 (5th Cir. 2024).

In addition, the court has the discretion to dismiss a suit for failure to prosecute.  FED. R. CIV. P. 41(b); *Boudy v. McComb Sch. Dist.*, 168 F.4th 257, 263 (5th Cir. 2026); *Alcantara v. Jasso*, No. 25-50405, 2025 WL 3496981, at *1 (5th Cir. Dec. 5, 2025); *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018).  Although Rule 41(b) "is phrased in terms of dismissal on the motion of the defendant, it is clear that the power is inherent in the court and may be exercised *sua sponte*." *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978); *accord Boudy*, 168 F.4th 257 at 263 ("The court also 'possesses the inherent authority to dismiss the action sua sponte.'" (quoting *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988))); *Griggs*, 905 F.3d at 844.

The court therefore orders Plaintiff, if it desires to pursue this case, to file a verified petition advising the court:

1. That the case should not be dismissed;

2. The reasons why the case should not be dismissed, set forth in detail; and

3. The actions Plaintiff plans to take to prosecute this case and when it expects such actions to occur.

**The verified petition must be filed with the court on or before April 3, 2026.**  The court admonishes Plaintiff that if it does not submit a verified petition that complies with the above by April 3, 2026, the court will dismiss this case without prejudice for failure to show good cause for

not serving Defendants pursuant to Federal Rule of Civil Procedure 4(m) and failure to prosecute

pursuant to Federal Rule of Civil Procedure 41(b) without further notice to Plaintiff.[1]

SIGNED at Beaumont, Texas, this 20th day of March, 2026.

_Marcia A. Crone_

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE

---

[1] FED. R. CIV. P. 41(b) states that although a dismissal for failure to prosecute generally operates as an adjudication on the merits, the court may order otherwise.  If Plaintiff fails to respond, the court will dismiss this case without prejudice.